**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**HAROLD YOUNT, BRENDA YOUNT,**

   *Plaintiffs*,

v.                                                   **Case No.  SA-23-CV-00150-JKP**

**TRAVELERS PERSONAL INSUR-**
**ANCE COMPANY,**

   *Defendant*.

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Travelers Personal Insurance Co.'s (Travelers) Motion for

Summary Judgment. *ECF Nos. 22,30*. Plaintiffs Harold Yount and Brenda Yount (the Younts)

responded. *ECF No. 27*. Upon consideration, the Court concludes the Motion is GRANTED.

#### Undisputed Factual Background

This suit arises from a claim for coverage for roof damage to the Younts' home caused by

a hailstorm on May 28, 2021. The Younts submitted the insurance claim on July 25, 2021. The

parties do not dispute the Younts' homeowner insurance policy (the Policy) covered the hail

damage incurred, nor Travelers's liability under the Policy. The parties' dispute arose over the

amount of money Travelers owed under the Policy. The initial dispute pertained to the amount of

loss, including pricing of the necessary repairs, whether the siding and decking required re-

placement, the number of hours of supervision and cleaning that were necessary, whether dump-

sters were necessary, and whether replacement of the carport roof was necessary. The parties al-

so disagreed whether it was proper under the Policy terms for Travelers to depreciate the labor cost included in the estimated replacement cost to arrive at the actual cash value of the loss.

The Younts hired a public adjuster, ProActive Claims, which, in its report dated October 7, 2021, assessed the total replacement cost of $88,937.98 prior to any depreciation of labor cost, or deduction of the Roof Systems Payment Schedule endorsement or the deductible. Travelers paid $4,799.69 on March 16, 2022, its assessment of liability on the claim after deduction for labor-cost depreciation, a limitation on coverage for windstorm or hail damage under the Roof Systems Payment Schedule endorsement, and the deductible. In a pre-suit demand letter dated January 30, 2023, the Younts, demanded payment in the amount of $88,388.08, including attorney's fees, penalties and interest.

The Younts filed this suit on February 8, 2023, in their individual capacity and as putative class representatives alleging six causes of action: (1) breach of contract on behalf of a putative class (Count I); (2) breach of contract on behalf of the Younts individually (Count II); (3) unfair settlement practices under Chapter 541 of the Texas Insurance Code on behalf of the Younts individually (Count III); (4) violation of the Texas Prompt Payment of Claims Act on behalf of the Younts individually (Count IV); (5) breach of the covenant of good faith and fair dealing on behalf of the Younts individually (Count V); and (6) declaratory judgment on behalf of the Younts and a putative class (Count VI). *ECF No. 1, pars. 71-108*. Travelers asserted numerous affirmative defenses contending the Younts' causes of action are barred by: (1) the appraisal provision; (2) payment of the claim; (3) the Policy's "Loss Payment" provision; and (4) estoppel. *ECF No. 15*.

On March 8, 2023, during the pendency of the litigation, Travelers invoked the appraisal process pursuant to the Policy terms. On August 15, 2023, the appraisal panel of two appraisers

and an umpire issued an appraisal award of $30,082.64 as the actual cash value of the loss with no depreciation applied to labor or removal of items and assessed $24,093.44 as the actual cash value of the loss with depreciation applied to labor costs. The appraisal panel assessed the face-value replacement cost of the loss to be $31,950.25, which, by definition, would not include depreciation for labor costs. Following the appraisal award, on August 18, 2023, Travelers issued a check to the Younts in the amount of $46,626.12. This payment calculation started with the face-value replacement cost of the loss of $31,950.25, then deducted the undisputed amounts of the prior payment and the deductible, and then added payment for the maximum amount of penalties, interest and attorney fees potentially recoverable. *ECF No. 22-1, p. 126*. Thus, this payment did not reduce the assessed face-value replacement cost of the loss by any depreciation of the labor cost component. When the Younts received payment, they did not cash the check or otherwise deposit the funds. Instead, the Younts rejected the payment of the binding appraisal award and continued this litigation without amendment of the Complaint.

Travelers now moves for summary judgment on all causes of action. In response, the Younts concede summary judgment is appropriate on Count III, their individual cause of action of unfair settlement practices under Chapter 541 of the Texas Insurance Code and on Count V, their individual cause of action of breach of the covenant of good faith and fair dealing. Therefore, the Court grants summary judgment on these causes of action. The Younts do not respond to Travelers's request for summary judgment on the cause of action for violation of the Texas Prompt Payment of Claims Act.

### Legal Standard

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

3

56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994). To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music, Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

**Discussion**

Travelers contends it is entitled to summary judgment on all asserted causes of action and the requests for declaratory relief. Travelers provides argument and evidence as to each cause of action. The Younts do not respond specifically to each argument pertaining to each cause of action, but instead, respond as if Travelers challenges this Court's subject matter jurisdiction, which it does not, and present their own legal arguments why the Court should not grant summary judgment. Consequently, the Younts present responsive arguments which do not directly align with Travelers's arguments in favor of summary judgment. Because the Younts do not respond specifically to each of Travelers's arguments, the Court will address, first, each basis for summary judgment Travelers presents to determine if it meets its initial summary judgment burden of proof. If so, the Court will address the Younts' arguments to the extent they can be applied to their shifting burden to dispel Travelers's grounds for summary judgment. Finally, the Court will address the Younts' independent arguments for denial of summary judgment.

1.   **Count IV: Violations of the Texas Prompt Payment of Claims Act**

    a.   **Basis of Cause of Action**

In their Complaint, the Younts assert "the seminal legal dispute before the Court is whether future labor, yet to be incurred, may be 'depreciated' by Travelers when Travelers calculates its actual cash value ('ACV') payment obligations for structural property losses." *ECF No. 1, par. 1*. The Younts then recite procedural facts from which its insurance claim arose, facts supporting the parties' dispute regarding their differing calculations of the actual cash value of the insurance claim and Travelers's practice of depreciating future labor costs when calculating actual cash value of the loss. *Id. at pars. 16-51*.

The Younts assert an individual cause of action for violations of the Texas Prompt Payment of Claims Act (TPPCA). *Id. at p. 19*. In this assertion, the Younts contend Travelers violated Texas Insurance Code §542.055 by its failure to acknowledge receipt of the Younts' claim, commence investigation of the claim, and/or request from the Younts within the applicable time constraints all items, statements, and forms it reasonably believed would be required. *Id*. The Younts contend Travelers's failure to notify them in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim in violation of Texas Insurance Code §542.056. *Id*. Finally, Travelers's delay of the payment of the Younts' claim following its receipt of all items, statements, and forms reasonably requested and required beyond the time allowed under the Prompt Payment Act constitutes a non-prompt payment of the claim in violation of Texas Insurance Code §542.058. *Id*.

Although the Younts make these specific assertions of violations of the TPPCA, they do not assert any facts to support these allegations, either in the Factual Background of the Complaint or in the assertion of the cause of action. *ECF No. 1 at pars. 16-51, 92*-97. In the Factual Background of the Complaint, the Younts provide facts related only to Travelers's depreciation of future labor costs in its calculation of the actual cash value of the loss and present "the seminal legal dispute before the Court is whether future labor, yet to be incurred, may be 'depreciated' by Travelers." *Id. at pars. 16-51*. These facts support only the last allegation of violation of the TPPCA: "Travelers's delay of the payment of the Younts' claim following its receipt of all items, statements, and forms reasonably requested and required beyond the time allowed under the Prompt Payment Act constitutes a non-prompt payment of the claim in violation of Texas Insurance Code §542.058." For this reason, the Court interprets the Younts' allegation to be Travelers violated the TPPCA by waiting to invoke the appraisal process until after litigation

ensued and by waiting to pay the claim until issuance of the appraisal award in the Younts' favor.

### b.   Arguments of the Parties

Travelers contends it is entitled to summary judgment on the Younts' cause of action for violation of the TPPCA as a matter of law because it is undisputed Travelers made an initial payment of its assessment of the insurance claim in compliance with the Texas Insurance Code, and it paid the appraisal award plus all additional penalty interest and prejudgment interest and attorney fees to which the Younts are entitled under the TPPCA (Texas Insurance Code §§ 542.060, 542A(2)).  *See ECF No. 30, p. 3.*

The Younts state in the Complaint and Travelers presents undisputed evidence the Younts filed the insurance claim with Travelers and the parties engaged in active dispute regarding valuation of the insurance claim. *ECF No. 1 at pars. 16-51*; *ECF No. 22, exh. 1*. Travelers paid to the Younts its assessment of valuation of the insurance claim. *Id*. When the dispute could not be resolved, the Younts initiated this suit. *Id*. During litigation, Travelers invoked the appraisal clause, the appraisal panel issued an award in favor of the Younts that was more than Travelers's assessment and less than the Younts' assessment, and Travelers timely paid the full appraisal award of the face value replacement cost, which by its nature, did not include deduction for depreciation of labor costs. *Id*. Although Travelers timely paid the appraisal award, this payment was beyond the timeline allowed for payment of insurance claims as mandated in the TPPCA. *Id*.

### c.   Reconciliation of Compliance with the TPPCA and the Appraisal Process

Recently, the Texas Supreme Court examined the interplay between compliance with the TPPCA and invocation of the appraisal process within litigation, holding invocation of the

appraisal process and payment of an award, alone, are insufficient to avoid liability under the TPPCA. *Barbara Technologies Corp. v. State Farm Lloyds*, 589 S.W.3d 806 (Tex. 2019). The Court concluded an insurer is liable for damages under the TPPCA when it (1) accepts liability or is adjudicated liable under the policy and (2) violates the statute's deadlines. *Id.* at 827. An insurer's use of the appraisal process has no bearing on Prompt Payment Act deadlines, and an insurer's payment of an appraisal award "neither established liability under the policy nor foreclosed TPPCA damages." *Id.* at 821-22. In reaching this conclusion, the Texas Supreme Court distinguished those insurance claims where an insurer accepts and pays a claim within the required timeline that is later determined to be less than an appraisal award (as occurred in this case), from the facts before it in that case, or cases in which an insurer initially rejects the initial insurance claim, but ultimately accepts or is held liable for the insurance claim following invocation of the appraisal process, and then timely pays an appraisal award. *Barbara Technologies*, 589 S.W.3d at 821–22.

After *Barbara Technologies*, uncertainty arose whether it case repudiated the Fifth Circuit's decision in *Mainali Corp. v. Covington Specialty Ins.*, 872 F.3d 255 (5th Cir. 2017). *See Crenshaw v. State Farm Lloyds*, No. 4:18-cv-236, 425 F. Supp. 3d 729, 738-40 (N.D. Tex. 2019); *Hyewon Shin v. Allstate Texas Lloyds*, No. 4:18-CV-01784, 2019 WL 4170259, at *2 (S.D. Tex. Sept. 3, 2019), vacated and remanded on other grounds, *Shin v. Allstate Tex. Lloyd's*, 848 Fed. Appx. 173 (5th Cir. 2021). In *Mainali*, the Fifth Circuit applied the Erie doctrine and predicted Texas would recognize that an insurer did not violate the TPPCA when it complied with its requirements to timely investigate and evaluate an insurance claim, and then, in good faith, paid an appraisal award in favor of the insured. *Mainali Corp.*, 872 F.3d at 258-59. Following *Barbara Technologies*, sister federal courts in Texas reconcile the seeming conflicting

holdings by distinguishing the factual scenarios in which each apply and by applying the *Barbara Technologies* factual distinguishment. *See Barbara Technologies*, 589 S.W.3d at 821–22; *see also Crenshaw*, 425 F. Supp.3d at 739-40; *Hyewon Shin*, 2019 WL 4170259 at *1-2. Both cases read *Barbara Technologies* in conjunction with *Mainali* and hold for an insurer to avoid liability for a cause of action for violation of the TPPCA, "the insurer must have made a reasonable pre-appraisal payment within the statutorily-provided period." *Crenshaw*, 425 F. Supp.3d at 740; *Hyewon Shin*, 2019 WL 4170259 at *2. This Court finds this reasoning persuasive.

In any event, a federal district court may not disregard Fifth Circuit precedent unless it has been unequivocally renounced. *Hyewon Shin*, 2019 WL 4170259 at *1. *Barbara Technologies* did not unequivocally repudiate *Mainali*. Instead, the Texas Supreme Court cited *Mainali* (and *Brashear*, a similar case) with approval and distinguished the facts in which the two apply. *Barbara Technologies*, 589 S.W.3d at 821-22; *see also Hyewon Shin*, 2019 WL 4170259 at *1-2. Accordingly, this Court finds *Mainali* controls federal district courts until further direction from the Fifth Circuit.

### d. Substantive Merits of Argument for Summary Judgment on the TPPCA Cause of Action

Reconciling the two cases, this Court concludes the facts and procedural posture in this case satisfy both holdings and compel summary judgment in favor of Travelers on this cause of action. As *Barbara Technologies* directs, Travelers presents undisputed summary judgment evidence it provided a good faith timely acceptance and payment of the Younts' insurance claim, although the appraisal panel determined later that the insurance claim had a higher actual cash value than what Travelers assessed. Travelers presents undisputed summary judgment evidence it also timely paid the appraisal award. This case is factually distinguishable from *Barbara Technologies*, in which the insurer initially rejected the insurance claim and paid it only when

liability was later determined through the appraisal process. The Younts did not respond to this point. Therefore, summary judgment is appropriate.

The other allegations of TPPCA violations based upon Travelers's failure to acknowledge receipt of the Younts' claim, commence investigation of the claim, request all required items, and failure to notify them in writing of its acceptance or rejection of the claim within the required time will be dismissed by summary judgment. Travelers satisfied its initial burden of proof to show it did not violate these specified provisions, and the Younts provide no factual support for these allegations. The Younts did not respond to this point of Travelers's Motion for Summary Judgment. Therefore, summary judgment is appropriate.

### e. Travelers's Argument for Summary Judgment on Attorney Fees

Travelers argues it is entitled to summary judgment as a matter of law on the TPPCA cause of action because it paid all damages, penalties, and attorney fees that may be imposed and recovered under the statute. Travelers contends the Younts do not dispute that Travelers correctly calculated the penalty interest and prejudgment interest available under the TPPCA and applicable Texas law, but dispute only whether they are entitled to attorney's fees greater than the $13,321.75 paid under the appraisal award. This assertion appears only in the Younts' Prayer for Relief in the Complaint and in a footnote in the Younts' Response to the Motion for Summary Judgment. *ECF No. 1, p. 22; ECF No. 27, p. 4, n. 2*. Travelers contends the Younts' claim for additional attorney's fees fails for two reasons. First, attorney's fees are not available under the TPPCA if an appraisal award was timely paid. Specifically, Travelers contends it owes no additional attorney fees other than those it paid through the appraisal award because the Younts recovered no damages under the applicable insurance code. Second, alternatively, the Younts have not submitted any evidence to support a claim for additional attorney's fees.

The Court construes Travelers's argument to be the fact that attorney fees are not available under a statute is grounds for summary judgment on the associated cause of action. Given the Court's conclusion that summary judgment is appropriate on the TPPCA cause of action, the Court need not examine this argument. However, because Travelers presents the argument, to which the Younts did not respond, and to the extent the parties dispute whether more attorney fees should be paid, the Court will address this issue for the sake of judicial economy.

The TPPCA "imposes procedural requirements and deadlines on insurance companies to promote the prompt payment of insurance claims" as well as "specific requirements and deadlines for responding to, investigating, and evaluating insurance claims." *Barbara Technologies Corp.*, 589 S.W.3d at 812 (citing Tex. Ins. Code § 542.054 and § 542.055–.056). To establish a violation under the TPPCA, an insured must show (1) the insurer's liability under the insurance policy, and (2) the insurer failed to comply with one or more sections of the TPPCA in processing or paying the claim. *Barbara Technologies Corp.*, 589 S.W.3d at 813. Here, it is not disputed that Travelers's liability arises under 542A of the TPPCA, which allows an insured to recover the amount of the claim and simple interest on the amount of the claim as damages. Tex. Ins. Code §542A.001(2)(C), §542.060(c).

Simply, attorney fees incurred in the prosecution or defense of a claim under the Texas Insurance Code do not constitute damages owed. *Ortiz*, 589 S.W.3d at 135 (citing *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 173 (Tex. 2013). Instead, to recover attorney fees, a plaintiff must prevail on the underlying cause of action and recover actual damages before the plaintiff may seek or obtain attorney fees. *Ortiz*, 589 S.W.3d at 135; *McCall v. State Farm Lloyds*, No. 3:22-CV-1712, 2023 WL 5311485, at *5 (N.D. Tex. Aug. 17, 2023); Tex. Ins. Code § 541.152(a)(1). Here, the Younts did not prevail on the TPPCA, but were granted an

award through the appraisal process; therefore, the Younts did not sustain damages and are not entitled to attorney fees for. *See McCall*, 2023 WL 5311485, at *3. Thus, the Younts may not recover any attorney fees above that paid as part of the appraisal award. *See Ortiz*, 589 S.W.3d at 135.

For the reasons stated, Travelers's Motion for Summary Judgment on the Younts' cause of action for violation of the TPPCA shall be granted.

### 2.   Counts I and II: Breach of Contract Asserted as Individual and Putative Class Action

#### a)   Parties' Arguments

Travelers contends it is entitled to summary judgment on the breach of contract causes of action as a matter of law because it timely paid the appraisal award in accordance with the Policy terms. Travelers contends its undisputed tender of payment in accordance with the binding the appraisal award satisfied its contractual obligation under established Texas law, even if the Younts did not accept the payment, and thereby, precluded any cause of action for breach of contract.[2]

The Younts respond, contending well-established federal law, particularly *Campbell-Ewald Co. v. Gomez* and *Hooks v. Landmark Indus., Inc*., instructs that Travelers's mailing of the check does not moot or nullify a putative class action such as this one. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), as revised (Feb. 9, 2016); *Hooks v. Landmark Indus., Inc*., 797 F.3d 309, 315 (5th Cir. 2015). The Younts contend none of the Texas cases Travelers relies upon involved a putative class action, and this distinction is dispositive of Travelers's motion for summary judgment on the breach of contract causes of action asserted in both their individ-

---

[2] While the Court recognizes the two go hand-in-hand, Travelers does not seek summary judgment on its affirmative defense of estoppel, specifically, but instead seeks summary judgment as a matter of law on the breach of contract causes of action.

ual capacity and on behalf of a purported class. While the Younts do admit Travelers's mailing of the unaccepted check moots an individual breach of contract cause of action under Texas state law, this applies only to cases asserted in individual capacity, only. However, when an individual breach of contract cause of action is asserted within the context of a federal, putative class action, both the individual and purported class action breach of contract causes of action survive and are governed by *Campbell-Ewald Co.* In making these arguments, the Younts do not seek to set aside the appraisal award or offer any reason for it to be set aside. Instead, the Younts' sole argument against summary judgment on the breach of contract individual and putative class action causes of action is that their assertion of a potential class action suit nullifies the inferior Texas law and precludes dismissal of both causes of action.

### b.   Analysis

The appraisal process is outlined in all Texas insurance policies and provides a binding mechanism to resolve disputes between insureds and insurers pertaining to the amount of loss for an undisputed covered insurance claim. *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131-32 (Tex. 2019); *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 406–07 (Tex. 2011); *In re Allstate Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002). Following this process, an insurer's payment of an appraisal award bars the insured's breach of contract cause of action premised on failure to pay the amount of the covered loss. *Ortiz*, 589 S.W.3d at 129; *Randel v. Travelers Lloyds of Texas Ins. Co.*, 9 F.4th 264, 267-68 (5th Cir. 2021). Consequently, "[w]hen an appraisal award has been issued in accordance with the terms of the insurance contract and has not been set aside, the appraisal process settles the issue of damages, and upon a showing by the insurer that it made a full and timely payment of the appraisal award, estops the insured

from bringing a breach of contract claim against the insurer." *Dean v. State Farm Lloyds*, 2018 WL 6430534, at *5 (W.D. Tex. Nov. 20, 2018); *Ortiz*, 589 S.W.3d at 129.

Tender of the full amount owed pursuant to the conditions of an appraisal clause is all that is required to preclude a breach of contract cause of action premised on failure to pay the amount of the covered loss, and acceptance of the payment is not a necessary condition to preclude the cause of action. *National Sec. Fire & Cas. Co. v. Hurst*, 523 S.W.3d 840, 845 (Tex. App.— Houston [14th Dist.] 2017, no pet.) (citations omitted). A number of courts have addressed this same issue whether the insured's rejection of a timely and full payment of the appraisal award amount precludes a breach of contract cause of action and "determined that if the appraisal award has been reached in accordance with the terms of the insurance policy and the insurer has timely tendered the full amount awarded by the appraisers, that conduct is legally sufficient to entitle the insurer to summary judgment on the breach-of-contract claim against it." *United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, 101 F. Supp. 3d 584, 619 (S.D. Tex. 2015), aff'd, 624 Fed. App'x. 225 (5th Cir. 2015)(collection of cases); *see also Lee v. Liberty Ins. Corp.*, No. 3:19-CV-321-L, 2021 WL 4502323, at *8 (N.D. Tex. Sept. 30, 2021).

In this Motion for Summary Judgment, Travelers provides evidence it initiated the appraisal process, the award issued in favor of the Younts has not been set aside, and it timely paid to the Younts the full appraisal award. The Younts do not dispute these facts. Consequently, this undisputed tender of payment of the appraisal award is sufficient to bar the Younts' individual breach of contract cause of action premised on failure to pay the amount of the covered loss. *See Ortiz*, 589 S.W.3d at 129; *Dean*, 2018 WL 6430534, at *5. Consequently, Travelers satisfies its summary judgment burden, and the burden shifts to the Younts to raise a genuine dispute of material fact or show summary judgment should be denied as a matter of law.

In response, the Younts do not dispute the facts or otherwise provide a genuine issue of material fact pertaining to overturning of the appraisal award. Instead, the Younts provide several arguments for exception to permit them to proceed with their individual cause of action and their putative class action. The Court will address each of these arguments in turn.

      **c.**      **The Younts' Alternative Bases to Maintain the Individual and Class Action**

            **i)**   *Campbell-Ewald Co. v. Gomez* **Exception**

The Younts contend their assertion of the breach of contract cause of action on behalf of a putative class precludes dismissal of their individual and class representative breach of contract causes of action under *Campbell-Ewald Co. v. Gomez*, and this superior federal law dispels all Texas law pertaining to a bar of its individual cause of action based upon invocation of the appraisal process.

In *Campbell-Ewald*, the United States Supreme Court resolved the issue whether an unaccepted settlement offer can moot a plaintiff's and a putative class of similarly situated individuals' breach of contract cause of action, thereby depriving federal courts of subject matter jurisdiction. *Campbell-Ewald Co.*, 577 U.S. at 160, as revised (Feb. 9, 2016). The Court held "[a]n unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect…. [T]he recipient's rejection of a [settlement] offer 'leaves the matter as if no offer had ever been made.'" *Id.* (quoting *Minneapolis & St. Louis R. Co. v. Columbus Rolling Mill,* 119 U.S. 149, 151 (1886)). As specified in Federal Rule 68, "'[a]n unaccepted offer is considered withdrawn.'" Id. (quoting Fed. Rule Civ. Proc. 68(b)). Therefore, in determination of a challenge to the Court's subject matter jurisdiction, the Court concluded an unaccepted settlement offer cannot moot (or bar) a plaintiff's subsequent breach of contract cause of action,

thereby depriving federal courts of subject matter jurisdiction. *Id*. The Court went on to discuss the issue whether an unaccepted settlement offer of complete relief precludes a collective action based upon the same facts. The Court held, absent a live individual case, a plaintiff cannot maintain a putative collective action. *Campbell-Ewald Co. v. Gomez*, 577 U.S. at 161 (discussing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013)).

Upon examination, *Campbell-Ewald Co.*'s holding is inapposite to this case, as it involved the rejection of a *settlement offer*, and its holding with regard to a putative collective action dispels the Younts' argument, rather than supports it. Here, Travelers did not submit a settlement offer, but instead, the parties' dispute proceeded through litigation and a binding appraisal process outlined in their insurance contract. Thus, *Campbell-Ewald Co.*'s holding does not apply to the Younts' rejection of Travelers's submission of a binding appraisal award, nor the Younts' rejection of the binding appraisal award.

Next, *Campbell-Ewald Co.* does not hold, as the Younts contend that they must be allowed to assert an individual action simply because they also assert a putative class action. Instead, the *Campbell-Ewald Co.* Court held the opposite: absent a live individual case, a plaintiff cannot maintain a putative collective action. *Campbell-Ewald Co.*, 577 U.S. at 161. Likewise, in managing its docket, a court may halt a class action litigation to determine a Federal Rule 12 motion to dismiss or a Federal Rule 56 motion for summary judgment. *Floyd v. Bowen,* 833 F.2d 529, 534 (5th Cir. 1987); *Miller v. Mackey International, Inc.,* 452 F.2d 424, 427-29 (5th Cir. 1971); *see also Garcia v. Veneman,* 211 F.R.D. 15, 19 n. 2 (D.D.C.2002) ("A court may certainly decide dispositive motions prior to determining whether the case may be maintained as a class action."); *Cowen v. Bank United of Texas, FSB,* 70 F.3d 937, 941 (7th Cir. 1995)(The effect of granting a motion for summary judgment in favor of the defendant is to "disqualif[y] the named

plaintiffs as proper class representatives" and "to moot the question whether to certify the suit as a class action unless the lawyers for the class manage to find another representative."). When the merits of the plaintiffs' cause of action may be readily resolved on summary judgment, the district court may resolve the summary judgment motion prior to considering the question of class certification. *Floyd v. Bowen,* 833 F.2d 529, 534 (5th Cir. 1987); *Hoge v. Parkway Chevrolet, Inc.*, No. CIV.A. H-05-2686, 2007 WL 3125298, at *16 (S.D. Tex. Oct. 23, 2007).

Consequently, the Court concludes, as a matter of law, Travelers's payment of the appraisal award bars the Younts' individual breach of contract cause of action premised on failure to pay the amount of the covered loss. *See Ortiz*, 589 S.W.3d at 129; *Randel*, 9 F.4th at 267-68. Because acceptance of payment of the appraisal award is not a necessary condition, when Travelers tendered payment of the appraisal award, the Younts' rejection of the payment does not avoid this bar of a subsequent breach of contract cause of action. *See id.*; *see also United Neurology*, 101 F. Supp. 3d at 620; *Lee,* 2021 WL 4502323, at *8. Because the merits of the Younts' breach of contract cause of action may be resolved on summary judgment, the Younts' assertion of a putative class action does not save the individual cause of action. Instead, this Court may issue summary judgment on the individual breach of contract cause of action prior to consideration of class certification. *Floyd v. Bowen,* 833 F.2d at 534. Absent an individual breach of contract cause of action, consideration of the Younts' request for class certification is moot, and they cannot serve as a class representative of this cause of action. *See id.*

### ii)    Service Award

The Younts contend they have standing, and this Court has Article III jurisdiction, because they are eligible for a "service award." This argument is without merit and does not dispel any grounds for summary judgment on any cause of action discussed. Travelers does not chal-

lenge the Younts' standing, nor this Court's jurisdiction. Because this Court cannot address this argument in response to the asserted grounds for summary judgment, it does serve as basis to deny Travelers Motion for Summary Judgment.

### iii) Class Action Mootness Exception: "Pick Off" Attempts are Disfavored and Contrary to Policy Language

Even if this Court should determine summary judgment is appropriate on the substantive merits of the individual breach of contract cause of action, the Younts contend the Court should apply the "well-established mootness exception" to dismissal of the individual and putative class actions. Under this exception, the Younts contend the Fifth Circuit "strongly disfavors efforts to moot class proceedings by paying 'named plaintiffs the full amount of their personal claims each time suit is brought as a class action.'" The Younts call this exception the "pick off" exception, under which a "'would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted.'" *ECF No. 27, p. 8*. Because several other cases within the Fifth Circuit proceeded to class certification and "three different federal district courts have recently held, as a matter of law, that future repair labor is not depreciable…," the Younts contend this Court should apply the "pick-off" exception and allow them to proceed as class representative in this case.

This argument is without merit. To begin, the pick-off exception applies in cases in which the class representative's individual cause of action becomes moot during the pendency of an *established* class action, thereby depriving the Court of subject matter jurisdiction due to lack of a case or controversy. This Court has not yet established this action as a class action, and for the reasons provided above, will not reach this issue.

The Younts provide no factually similar case to support their argument that invocation of a contractual clause, such as the appraisal process, during litigation is an improper "pick off" of a plaintiff who filed suit as a putative class representative. The Younts fail to cite any case to support their argument that payment of a contractually binding appraisal award falls within any "pick off" exception. The cases cited by the Younts involve an offer of judgment under Federal Rule 68, a settlement offer or an unsolicited payment with no alternative dispute resolution procedure taking place. Thus, the facts in this case dispel any application of the asserted "pick off" exception because Travelers and the Younts entered a contract (the Policy) providing for the appraisal process and allowing the strategic actions taken by Travelers, the Younts received a contractually binding appraisal award as provided under the Policy, and Travelers paid the contractually binding appraisal award as required under the Policy. The "pick off" exception cannot apply in the context of these facts and when payment is made pursuant to an undisputed and contractually binding appraisal procedure.

In making this argument, the Younts attempt to argue that if this suit does not proceed to its conclusion as a class action, Travelers may continue to invoke the appraisal process anytime an insured files suit as a putative class action to avoid determination whether insurance companies may depreciate labor costs to determine the actual cash value of an insurance claim. This assertion is borrowed from the "inherently transitory" relation-back rationale which was developed to address circumstances in which the challenged conduct was effectively unreviewable because no plaintiff possessed a personal stake in the suit long enough for litigation to run its course.[3] *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73–79 (2013). In such cases, the

---

[3] A plaintiff might seek, for instance, to bring a class action challenging the constitutionality of temporary pretrial detentions. In doing so, the named plaintiff would face the considerable challenge of preserving his individual claim from mootness, since pretrial custody likely would end prior to the resolution of his claim. *See Healthcare Corp. v. Symczyk*, 569 U.S. at 76-79.

"inherently transitory" rationale applies in cases where the transitory nature of the conduct giving rise to the suit would effectively insulate defendants' conduct from review and allows class certification to relate back to the filing of the complaint. *Id.* at 76. However, this doctrine applies in cases in which the fleeting nature of the challenged conduct gives rise to the claim, not when a defendant simply elects an allowed litigation strategy. *Id.*

Consequently, this "inherently transitory" relation-back rationale does not apply to the factual circumstances in this case, in which the parties entered a contract outlining and allowing the process which the plaintiffs oppose and seek to nullify, even if the contractual process provides the opportunity to avoid a potential class action. The policy dilemma the Younts seek to present and resolve by making this argument is not for this Court to decide under the facts and procedural posture of this case. Consequently, this Court finds the Younts' argument insufficient to dispel summary judgment of the individual and class action breach of contract causes of action.

### 3.  Count VI: Declaratory Relief

Travelers seeks summary judgment as a matter of law on the requested declaratory relief because the requested declarations are duplicative of the breach of contract causes of action.

The Younts assert two requests for declaratory relief stating: (1) they and members of the proposed class "complied with all relevant conditions precedent in their contracts"; and (2) "the applicable insurance contracts prohibit the withholding of future labor costs . . . when adjusting the losses under the methodology employed."

"The Declaratory Judgment Act does not create an independent cause of action; it only provides a form of relief." *Carson v. Fed. Nat'l Mortgage Ass'n*, 5:11-CA-925, 2012 WL 13029757, at *2 (W.D. Tex. Jan. 26, 2012); 28 U.S.C. § 2201(a). The Declaratory Judgment Act

confers on federal courts discretion in deciding whether to declare the rights of litigants. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Courts may decline "to exercise their discretion to decide declaratory judgment actions where deciding that action would be redundant in light of the affirmative causes of action before the Court." *Amerisure Ins. Co. v. Thermacor Process, Inc.*, 4:20-cv-01089, 2021 WL 1056435, at *7 (N.D. Tex. Mar. 19, 2021) (collecting cases); *see also Berkseth-Rojas v. Aspen Am. Ins. Co.*, 513 F. Supp. 3d 724, 733 (N.D. Tex. 2021). "When the request for a declaratory judgment adds nothing to an existing suit and is merely duplicative of the substantive claims already at issue, the request for a declaratory judgment need not be entertained." *Carson*, 2012 WL 13029757, at *2 (citing *Madry v. Fina Oil & Chemical Co.*, 44 F.3d 1004, 1994 WL 733494, at *2 (5th Cir. 1994); *Aetna Inc. v. People's Choice Hosp., LLC*, No. SA-18-CV-00323 2019 WL 12536914, at *8 (W.D. Tex. Sept. 30, 2019). Similarly, when the key issues to be decided in a case (such as "whether the damage sustained to the Property is covered by the Policy and if [the insurer] properly handled [the insured's] claims") are also presented as affirmative causes of action, declaratory relief is inappropriate. *Wheeler v. Safeco Ins. Co. of Indiana*, No. SA-21-CV-00343, 2022 WL 1295288, at *2 (W.D. Tex. Apr. 29, 2022).

The first request for declaratory relief is an iteration of one of the elements of the breach of contract cause of action. The second request is an iteration of the Younts' position on the parties' central dispute and the basis of the breach of contract cause of action. This Court granted summary judgment as a matter of law on both the individual and putative class breach of contract causes of action. For this reason, the requests for declaratory relief are duplicative and inconsequential, and "need not be entertained" and may be dismissed by summary judgment for the same reasons the underlying causes of action are dismissed. *See Wheeler*, 2022 WL 1295288, at *2.

**Conclusion**

For the reasons stated, Travelers's Motion for Summary Judgment is GRANTED. *ECF No. 22.* The Clerk of Court is directed to close this case. Any pending motions are denied as moot. The referral of all pretrial matters to the Magistrate Judge is withdrawn.

It is so ORDERED.
SIGNED this 11th day of January, 2024.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE